## Greenbelt Associates Appeal

558

*Samuel M. Snipes*, for appellant.

*Robert L. White*, for Board of Assessment Appeals.

BODLEY, *J.*, April 10, 1978—This is an appeal from the decision of the board of assessment appeals which rejected appellant's contention that only a portion of its land should be subject to the breach of covenant rollback provisions of "Act 515."

On December 7, 1972, the executor under the will of Warren A. Custer, as owner of Tax Map Parcel No. 29-9-5, consisting of 102.812 acres[1] of farm and pasture land in Newtown Township, this county, entered into a covenant with the county pursuant to the Act of January 13, 1966, P.L. (1965) 1292, sec. 3, as last amended by the Act of December 28, 1972, P.L. 1656, sec. 2, 16 P.S. §11943—commonly referred to as "Act 515." Prior to the execution of the covenant the Estate of Warren A. Custer, on March 30, 1972, had entered into an agreement to sell the entire tract to Greenbelt Associates for the sum of $520,060. Greenbelt took title by deed dated November 5, 1973.

Pursuant to the covenant the owner undertook to agree for himself, his successors and assigns, that the land would remain in agricultural use for a period of ten years and the county, in turn, covenanted that the real property tax assessment would reflect the fair market value of the land as restricted by the covenant. The county implemented the covenant in succeeding years.

On June 6, 1973, the Pennsylvania Department of Transportation condemned 11.4893 acres of the

---

1. Plus ten acres not here involved.

tract for the purpose of constructing the Newtown by-pass, a limited access highway. The condemnation effectively bisected the tract leaving 49.605 acres on the south side of the condemned land (subsequently designated by the board of assessment appeals as Tax Map Parcel 29-9-5-2) and 41.718 acres on the north side (later designated as Tax Map Parcel 29-10-151). Greenbelt leased the land to agricultural tenants following its purchase and the Act 515 assessment was not changed until July 26, 1977, when the board of assessment appeals advised appellant that it had learned of a breach of covenant. It thereupon invoked the penalties provided for in section 6 of the act and required the landowner to pay the difference between the real property taxes paid pursuant to the reduced assessment under the covenant and those taxes which would have been payable absent the covenant.

Appellant acknowledges that in the spring of 1977, it discontinued the farming use of the northerly tract consisting of 41.718 acres, Tax Map Parcel 29-10-151, and began the construction of residential housing. It concedes that such a change of use constitutes a breach of the covenant. However, it presents the unique argument that inasmuch as the condemnation adverted to earlier bisected the tract, and inasmuch as the southerly tract consisting of 49.605 acres, Tax Map Parcel 29-9-5-2, continued to be farmed by an agricultural tenant, the board of assessment appeals erred in concluding that the acknowledged breach as to the part of the tract applied to the entire tract.

Counsel for appellant has presented no authority in support of this novel proposition, alleging merely that "equity" requires that the covenant should be

recognized as having been bisected, as well as the tract, by the event of condemnation. He reasons from this that there has been no breach of the covenant as it pertains to the 49.605 acres which remain in farm usage. We cannot agree with appellant's contention.

The covenant speaks for itself and in part states "said land [that covered by the covenant] is the entire parcel or portion of the tax map parcel number described in deed book and page mentioned above, and is set forth or described in application heretofore filed by owner." The Tax Map Parcel referred to is 29-9-5 and the deed book is No. 1090 at page 284, both clearly referring to the entire tract in question.[2] Just as the covenant applied to the whole of appellant's land, so does a breach apply to the whole. Section 6 of the act provides, inter alia, "the acquisition by . . . eminent domain . . . by a public utility or other body entitled to exercise the power of eminent domain shall not constitute an alteration of use or a breach of the covenant." Appellant's rights as a successor in title to the covenantor's benefits continued as to all land remaining after, and notwithstanding, the condemnation until the time of the changed use. The redesignation of the parcels lying to the north and south of the land taken was but a mere convenience for the taxing authorities, and cannot be deemed to change *one* covenant running with the entire land into *two* separate covenants relating to *two* separate parcels of land. There was but one Act 515 covenant which applied to but one parcel of land.

---

2. Included in the original tax parcel, and excepted from the deed of conveyance, is the parcel of ten acres retained by the Custer Estate which is not pertinent to this discussion.

## ORDER

And now, April 10, 1978, for the reasons above stated the appeal is dismissed and the order of the board of assessment appeals is affirmed.